# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| SEAN ROBERSON ) | |
| ) | |
| v. ) | Case No. CV611-048 |
| ) | CR608-012 |
| UNITED STATES OF AMERICA ) | |

## REPORT AND RECOMMENDATION

Sean Roberson, who pled guilty and was sentenced to 78 months' imprisonment for his role in a drug conspiracy, moves this Court for 28 U.S.C. § 2255 relief. (Doc. 2.) He claims that he directed his appointed attorney, Gregory S. Reeves, to file a notice of appeal but Reeves filed the notice several days late. (*Id.* at 1-2.) The appeal was ultimately dismissed as untimely. (Cr. doc. 324[1]; cr. doc. 368.) Accordingly, Roberson claims that counsel rendered constitutionally deficient performance, which entitles him to an out-of-time appeal. (Doc. 2 at 2-3.)

---

[1] Unless otherwise noted, citations are to the docket in Roberson's civil case, CV611-048. "Cr. doc." refers to documents filed under his criminal case, CR608-012. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

The law is well settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Indeed, "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for appeal." *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995). Here, the government concedes that Roberson's counsel performed deficiently by failing to file a timely notice of appeal. (Doc. 4 at 9-10.) Indeed, it points to counsel's post-conviction consultation certification showing that Roberson explicitly asked him to file an appeal. (Cr. doc. 262.) It argues, however, that Roberson is precluded from raising an ineffectiveness claim based upon a collateral attack waiver. (Doc. 4 at 4-9.)

Roberson's plea agreement contained the following language:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory

2

sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(Cr. doc. 257 at 4.) The government contends that the waiver is enforceable and that it not only prohibited Roberson from filing an appeal, it now prohibits him from raising a collateral attack as to his attorney's effectiveness in failing to file a timely notice of appeal. (Doc. 4 at 4-9.) The Court need not decide the issue,[2] since Roberson fits within one of the waiver's exceptions -- he was sentenced outside of the advisory United States Sentencing Guidelines range.

Here, the recommended guidelines range was between 51 and 63 months' imprisonment. (Presentence Investigation Report ("PSI") at 18.) The sentencing judge departed upward, imposing a 78-month

---

[2] There is a circuit split as to whether collateral attack waivers preclude *Flores-Ortega* claims. The Fifth Circuit has held that *Flores-Ortega* claims survive collateral attack waivers. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). Conversely, the Third Circuit has held that absent a miscarriage of justice, appellate and collateral waivers bar *Flores-Ortega* claims. *United States v. Mabry*, 536 F.3d 231, 239-44 (3d Cir. 2008) (a defendant bound by appellate and collateral waivers cannot raise a collateral challenge based upon a lawyer's failure to appeal absent a showing that a miscarriage of justice would occur if the waiver were enforced; no miscarriage of justice where defendant failed to identify any nonfrivolous ground for direct appeal or collateral attack). The Seventh Circuit reached the same conclusion in *Nunez v. United States*, 495 F.3d 544 (2007) (Easterbrook, J.), but was later reversed by the Supreme Court, without opinion. 544 U.S. 911 (2008). The Eleventh Circuit has yet to weigh in.

3

sentence. (Cr. doc. 289 (sentencing tr.) at 18 (acknowledging departure upward); *see also* cr. doc. 259 (judgment).) Because the judge departed upward, Roberson was permitted under the specific terms of the plea agreement's waiver provision to file a direct appeal. (Cr. doc. 257 at 4) (allowing the defendant to file a direct appeal "if by variance or upward departure" the sentence exceeds the guidelines range). Because Roberson now contends that his lawyer failed to pursue such an available appeal despite clear instructions to do so, he is entitled to seek §2255 relief to vindicate the appellate right forfeited solely as a result of that lawyer's unprofessionalism.[3] Consequently, Roberson's § 2255 motion should be **GRANTED** so that he may pursue an out-of-time direct appeal.

The Eleventh Circuit set forth the procedure courts must follow when granting out-of-time appeals in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). Pursuant to *Phillips* (1) the judgment in movant's criminal case should be vacated; (2) the Court should enter a new judgment imposing the same sentence; (3) movant should be

---

[3] The Court can conceive of no justification permitting the collateral attack waiver to stand under these circumstances. The government never raised the exception, much less argued that it should not carry through to the collateral attack portion of the waiver. Hence, the Court deems the argument waived.

4

informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant should be advised that he has 14 days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. *Id.* As it is clear that Roberson desires to appeal, the Court should instruct the Clerk to file a notice of appeal on his behalf as soon as the new judgment is entered. Moreover, since Roberson is entitled to the assistance of counsel on direct appeal, the Clerk is **DIRECTED** to make arrangements for the appointment of counsel.

**SO REPORTED AND RECOMMENDED** this  14th  day of November, 2011.

_/s/ R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA