UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SEAN ROBERSON,

Petitioner,

v.  6:11-cv-48

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Petitioner Sean Roberson ("Roberson") pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine base. *See United States v. West, et al.*, 6:08-cr-12, Docs. 220; 222. Roberson waived his right to appeal the conviction and sentence, and the right to collaterally attack the sentence in any post-conviction proceeding. *See id.*, Doc. 257 at 8. Roberson, however, retained the right to file a direct appeal of his sentence if "by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court." *Id.* This Court departed upwards, and Roberson told his attorney he wanted to appeal. *See id.*, Docs. 254; 259; 262. Counsel filed the notice of appeal late, and this Court, finding no good cause to excuse the late filing, denied Roberson's implied motion to extend the deadline. *See id.*, Doc. 368.

Roberson filed this § 2255 motion, alleging ineffective assistance of counsel in failing to follow Roberson's instructions and file a timely notice of appeal. *See* Doc. 2. The Government filed a motion to dismiss, *see* Doc. 4, and the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Government's motion be denied and Roberson's motion be granted, *see* Doc. 7.

After a careful *de novo* review of the record in this case, the Court concurs with the Magistrate Judge's conclusion in his Report and Recommendation ("R&R"), *see* Doc. 7, but disagrees with his reasoning.

The Government has filed an objection to the R&R. *See* Doc. 9. The Government contends that the Magistrate Judge erred in determining that Roberson's appeal waiver created an exception for collateral attacks should the Court depart upwards from the sentencing guidelines. *See id.* at 1-2. The pertinent part of the plea agreement waiver states:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file *a direct appeal* of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

*United States v. West*, 6:08-cr-12, Doc. 257 at 8 (emphasis added). The Magistrate Judge determined that Roberson's collateral

attack was permissible, reasoning that because the Court departed from the advisory guideline range, Roberson's § 2255 motion fell into one of the exceptions listed in his plea agreement. *See* Doc. 7 at 3-4.

The plea agreement exception, however, explicitly states that Roberson may file only a *direct appeal* as a result of the Court's departure. Thus, the waiver *exception* purports to disallow Roberson's § 2255 motion. Accordingly, the Magistrate Judge wrongly concluded that Roberson's motion fell within an exception.

Because of the type of error Roberson's attorney made, however, the waiver does not preclude Roberson's § 2255 motion. In *Williams v. United States*, the Eleventh Circuit adopted the view of other circuits "that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel *during* sentencing." 396 F.3d 1340, 1342 (11th Cir. 2005) (emphasis added). *Williams* involved a claim of ineffective assistance *at* sentencing and did not speak to ineffective assistance *after* sentencing.

The language of the plea agreement militates against dismissing Roberson's motion. The agreement forbids Roberson from collaterally attacking the *sentence*. Roberson is not attacking his sentence with his § 2255 motion; he is asserting his right to constitutionally sufficient assistance of counsel *post-sentencing*.

The sister-circuit cases cited by the Government are inapposite to the present case. *See United States v. Falcon-Sanchez*, 416 F. App'x 728, 729-30 (10th Cir. 2011) (involving complete waiver of right to appeal or collaterally attack "any matter in connection with this prosecution, conviction and sentence"); *United States v. Morgan*, 284 F. App'x, 79, 82-84 (4th Cir. 2008) (recounting district court's finding that petitioner's "failure-to-appeal claim fell outside of the waiver provision," which waived Morgan's "right to collaterally attack, pursuant to . . . section 2255, the judgment and any part of the sentence imposed"); *Skaggs v. United States*, 104 F. App'x 462, 463 (6th Cir. 2004) (involving broad waiver of "the statutory right to attack collaterally the guilty plea and conviction") *United States v. Macias*, 229 F. App'x 683, 684, 687 (10th Cir. 2007) (finding failure to consult claim fell into general waiver of "appellate and post-conviction rights"); *see also United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) (holding that collateral attack waiver did not preclude claim that attorney failed to file direct appeal and discussing cases from other circuits, including the Eleventh, supporting this conclusion).

The Eleventh Circuit case discussed in *Tapp*, *Gomez-Diaz v. United States*, further validates Roberson's right to file this § 2255 motion. *See* 433 F.3d 788 (11th Cir. 2005). In *Gomez-Diaz*, the Eleventh Circuit considered whether a limited appeal waiver barred a habeas petitioner from appealing his conviction and sentence on account of his attorney's failure to file a notice of appeal as requested by the petitioner. *See id.* at 789. The waiver stated that:

2

> The defendant . . . expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety value" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines.

*Id.* at 790. The court decided that:

> If the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver.

*Id.* at 793. Accordingly, *Gomez-Diaz* indicates that Roberson would be able to bring his § 2255 motion even if it fell within the language of the waiver, which the Court holds is not the case.

The Government tries to distinguish *Gomez-Diaz* by saying that the court focused entirely on the *appeal* waiver, presumably because the Government did not raise the *collateral attack* waiver in that case. *See* Doc. 4 at 8. The Government, however, fails to explain why collateral attack waivers should be treated any differently in this regard from appeal waivers. *Gomez-Diaz* holds that an individual can file an *appeal* despite *an appeal waiver*. The Government does not articulate why a petitioner cannot file *a collateral attack* despite *a collateral attack waiver*.

This Court holds that the language of the plea agreement waiver does not apply to Roberson's § 2255 motion, and even if the waiver were applicable, this circuit's precedent mandates that Roberson be entitled to a collateral attack. Accordingly, the Government's motion to dismiss is **DENIED**.

Roberson contends that his lawyer failed to pursue an available appeal despite clear instructions to do so.

A habeas petitioner claiming ineffective assistance of counsel must demonstrate both deficient performance of counsel and prejudice to the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687, 697 (1984).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim . . . ." *Id.* at 484.

Here, Roberson is entitled to habeas relief. Roberson's trial attorney failed to file a timely notice of appeal even though Roberson requested that he appeal. *United*

3

*States v. West, et al.*, 6:08-cr-12, Doc. 262 at 4. Roberson had the right to appeal because this Court departed upwards from the advisory sentencing guideline range. *See id.*, Doc. 289 at 14-15. The Government agrees that Roberson's attorney rendered ineffective assistance. *See* Doc. 4 at 10.

## CONCLUSION

Accordingly, the R&R is adopted in part, rejected in part as the opinion of the Court. Roberson's § 2255 motion is **GRANTED**. The Government's motion to dismiss, *see* Doc. 4, is **DENIED**.

The Eleventh Circuit has established a procedure for district courts to follow upon allowing out-of-time appeals as a § 2255 remedy:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, the Court **VACATES** Roberson's Judgment in his criminal case. *See United States v. West*, 6:08-cr-12, Doc. 259. The Court **ORDERS** the Clerk of the Court to enter a new Judgment imposing the same terms as originally imposed, identical in all respects to the original Judgment, save only for the date of entry.

The Court specifically advises Roberson that the entry of the new judgment creates a fourteen-day period within which Roberson may prosecute a direct appeal of his criminal conviction. Thus, Roberson has 14 days from the date of the reimposition of his sentence to file a timely appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i).

The Clerk is **DIRECTED** to make arrangements for the appointment of counsel.

This 30th day of November 2011.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4